IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WENDY TUOMELA,<br><br>                Plaintiff,<br><br>    vs.<br><br>WALDORF-ASTORIA GRAND WAILEA HOTEL,<br><br>                Defendant. | Civ. No. 20-00117 JMS-RT<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COUNT ONE (EXTORTION), ECF NO. 18 |

### ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COUNT ONE (EXTORTION), ECF NO. 18

### I. INTRODUCTION

Defendant Waldorf-Astoria Management, LLC[1] moves pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings as to Count One of pro se Plaintiff Wendy Tuomela's ("Plaintiff" or "Tuomela") Complaint. ECF No. 18. The court has reviewed the Motion; the Opposition, ECF No. 23; and the Reply, ECF No. 24; and decides the matter under Local Rule 7.1(c) without a hearing. Based on the following, the motion is GRANTED—Count One is DISMISSED with prejudice.

---

[1] The pro se Complaint and caption name Defendant as "Waldorf-Astoria Grand Wailea Hotel." The court refers to Defendant simply as "Waldorf-Astoria" or "Defendant."

1

## II. **DISCUSSION**

Count One of the Complaint alleges in full as follows:

Count 1: Extortion: Elements of Extortion; Extortion is the obtaining of property from another, with his/her consent, induced by the wrongful use of actual or threatened force, violence, fear, or under color of official right.  The Use of a threat in order to obtain money or anything of value constitutes the crime of extortion.  Intent is also regarded as an element for extortion.  Extortion is a specific intent crime. (H.R.S. Div. 4. 663-2 & H.R.S 707-764)

On April 13th, 2018, Mike Palazzotto, and Carol Kawabata, verbally threatened Ms. Tuomela with incarceration.  On April 17th, 2018, Ms. Tuomela gave Mr. Palazzotto 2-$100.00 bills.  Then threatened her again with incarceration if she did not pay an additional $900.00 in cash.  The threat was real and present and created fear in Ms. Tuomela.  Mr. Palazzotto had a Maui Police Officer and squad car posted outside the office with handcuffs waiting to arrest her if she didn't comply with his demands.  She went upstairs in the hotel and got the cash then delivered it to Ms. Kawabata and Mr. Palazzotto.  After giving them the cash she was released without being arrested.  The cash was literally a ransom.  (Ransom: a sum of money or other payment demanded or paid for the release to freedom of a person held, not at will).

ECF No. 1-1 at PageID #12.[2]  This Count apparently seeks to enforce (or seeks damages for violation of) Hawaii Revised Statutes ("HRS") § 707-764, which is a

---

[2] The Complaint also alleges four other Counts (breach of fiduciary duty, defamation, wrongful termination, and breach of contract) which are not at issue here.  *See* ECF No. 1-1 at PageID #13-19.

statute criminalizing extortion.[3]

Waldorf-Astoria argues that Count One should be dismissed because Plaintiff lacks standing to enforce a criminal statute, and there is no civil cause of action for violation of the statute.[4] The court agrees.

"[I]n American jurisprudence . . . a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Rather, whether to prosecute criminal statutes and bring charges are decisions left to the discretion of a prosecutor. *United States v. Batchelder*, 442 U.S. 114, 124 (1979); *see also, e.g.*, *Kapu v. Attorney Gen., Haw.*, 2017 WL 4479252, at *5 (D. Haw. Oct. 6, 2017) (reiterating that private individuals have no authority to issue a criminal indictment for a violation of a criminal statute); *Retanan v. Cal. Dep't of Corr. & Rehab.*, 2012 WL 1833888, at *5 (E.D. Cal. May 18, 2012) ("[I]t is well-established that a private individual has no constitutional right and standing to bring a criminal complaint against another individual.") (citations omitted).

---

[3] Count One also mentions HRS § 663-2, but that statute—which provides for certain defenses—does not provide a cause of action for anything, much less for extortion.

[4] The court applies the same standard to a Rule 12(c) motion as it does to a Rule 12(b)(6) motion. *See, e.g.*, *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). Under that standard, "[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged." *UMG Recordings., Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

Moreover, individuals rarely have an implied private cause of action for violations of criminal statutes. *See, e.g.*, *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979) (reiterating that a private right of action under a criminal statute is rarely implied); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding that "[t]hese criminal provisions [18 U.S.C. §§ 241 and 242]. . . provide no basis for civil liability") (citations omitted); *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver*, 511 U.S. 164, 190 (1994) ("[W]e refuse[ ] to infer a private right of action from 'a bare criminal statute' . . . [a]nd we have not suggested that a private right of action exists for all injuries caused by violations of criminal prohibitions.") (quoting *Cort v. Ash*, 422 U.S. 66, 80 (1975)).

And so, courts consistently dismiss civil causes of action based on criminal statutes, including Hawaii criminal statutes. *See, e.g.*, *DeAlcantara v. Shigemura*, 2016 WL 6518618, at *2 (D. Haw. Nov. 2, 2016) ("The claims pleaded in the Complaint, which are all based on violations of federal criminal statutes, are DISMISSED with prejudice."); *Pitts v. Espinda*, 2016 WL 475137, at *10 (D. Haw. Feb. 8, 2016) ("Plaintiff has no private right of action to enforce a criminal statute and this claim [for violation of HRS § 710-1063] is DISMISSED."); *Finley v. Rivas*, 2010 WL 3001915, at *5 (D. Haw. July 10, 2010) (dismissing claims for damages based on alleged violations of HRS §§ 707-730 to 707-734—criminal statutes for sexual assault—because they "provide for adequate enforcement by

creating criminal penalties and do not expressly create a private right of recovery") (citation omitted); *Jaentsch v. Puha*, 2018 WL 1463348, at *5 (D. Haw. Mar. 23, 2018) ("To the extent Jaentsch alleges claims under Hawaii Revised Statutes §§ 708-810 to 708-814 [for burglary and criminal trespass], those claims are DISMISSED with prejudice."). And nothing indicates an intent to create a private cause of action for violations of HRS § 707-764.

        Accordingly, Count One is DISMISSED. Ordinarily, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal," *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995), but that opportunity does not apply if "it is absolutely clear that no amendment can cure the defect," *id.* And here it would be futile to amend Count One to allege a civil cause of action for extortion because Hawaii courts have been "unable to find any indication of a common law tort of extortion, and Hawaii does not have a civil extortion statute. Furthermore, neither the Restatement [of Torts] nor Prosser[, *Law of Torts* (4th ed. 1971),] delineates extortion as an intentional tort." *Myers v. Cohen*, 5 Haw. App. 232, 245, 687 P.2d 6, 16 (Haw. Ct. App.), *rev'd on other grounds*, 67 Haw. 389, 688 P.2d 1145 (1984).[5]

---

[5] If Plaintiff believes she can allege a different cause of action (besides "extortion") based on the facts currently alleged in Count One, she must first seek leave to amend under Federal Rule of Civil Procedure 15(a)(2).

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings as to Count One (Extortion), ECF No. 18, is GRANTED. Count One is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 26, 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Tuomela v. Waldorf-Astoria Grand Wailea Hotel*, Civ. No. 20-00117 JMS-RT, Order Granting Defendant's Motion for Judgment on the Pleadings as to Count One (Extortion), ECF No. 18