IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WENDY TUOMELA,<br><br>                Plaintiff,<br><br>  vs.<br><br>WALDORF-ASTORIA GRAND WAILEA HOTEL,<br><br>                Defendant. | Civ. No. 20-00117 JMS-RT<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COUNT TWO (BREACH OF FIDUCIARY DUTY), ECF NO. 36 |

## **ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COUNT TWO (BREACH OF FIDUCIARY DUTY), ECF NO. 36**

## **I. INTRODUCTION**

Defendant Waldorf=Astoria Management LLC[1] moves pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings as to Count Two (alleging breach of fiduciary duty) of pro se Plaintiff Wendy Tuomela's ("Plaintiff" or "Tuomela") Complaint. ECF No. 36. No Defendant other than Waldorf is named in the Complaint. The court has reviewed the Motion, the Opposition, and the Reply, ECF Nos. 36, 43, and 45; and decides the matter under

---

[1] The pro se Complaint and caption name Defendant as "Waldorf-Astoria Grand Wailea Hotel." ECF No. 1-1 at PageID # 10. Defendant's Answer asserts that its proper name is "Waldorf=Astoria Management LLC." ECF No. 9 at PageID # 70. The court refers to Defendant simply as "Waldorf" or "Defendant."

Local Rule 7.1(c) without a hearing.  Based on the following, the Motion is GRANTED—Count Two is DISMISSED with prejudice.

## II. **DISCUSSION**

Tuomela's Complaint alleges that she was wrongfully terminated in April 2018 from her 20-year tenure of employment at the Grand Wailea Hotel. ECF No. 1-1 at PageID ## 11, 15-18.  She claims she was falsely accused of theft, and was forced to pay the Hotel $900 in cash, which apparently was part of the amount she was accused of stealing.  The Complaint alleges she was threatened with incarceration by a security guard (Michael Palazzotto) and Defendant's human resources representative (Carol Kawabata) if she did not pay (or return) the money.  *Id.* at PageID ## 11-13, 15-17.  It alleges that on April 17, 2018, Kawabata entered into a contract with Plaintiff to keep the circumstances of her termination confidential.  *Id.* at PageID # 18.  Instead, the Complaint alleges that Kawabata told a hotel restaurant manager, Justin Sugarman, that Plaintiff was fired for theft and misconduct, and Sugarman told other staff members.  *Id.* at PageID # 14.  Since that time, she was denied comparable employment for similar positions from other employers and was "essentially blackballed from any employment in Wailea[.]"  *Id.*  She alleges that a "false police report surfaced when she was applying for a job which required a background check [and] [d]ue to the

defamatory nature of the police report she did not get the position she was seeking." *Id.*

Plaintiff filed her Complaint on February 27, 2020 in the Second Circuit Court of the State of Hawaii, ECF No. 1-1, and on March 13, 2020, Defendant removed the case to this court based on diversity of citizenship. ECF No. 1. The Complaint alleged counts entitled Extortion, Breach of Fiduciary Duty, Defamation of Character, Wrongful Termination, and Breach of Contract. ECF No. 1-1 at PageID ## 12-18. By Order of June 26, 2020, the court granted a motion for judgment on the pleadings and dismissed Count One alleging extortion. ECF No. 28. Thereafter, Defendant filed two additional motions for judgment on the pleadings—one addressed to Count Two alleging breach of fiduciary duty and one addressed to Count Three alleging defamation. ECF Nos. 36, 38. The instant Order addresses the first motion as to Count Two; a separate order will address the second motion as to Count Three.

**A.   Count Two Fails to State a Plausible Claim for Relief**

Count Two of the Complaint alleges in full as follows:

**Count 2: Breach of Fiduciary Duty:** Elements of Fiduciary Duty; [a] the defendant was acting as a fiduciary of the plaintiff. [b] the defendant breached a fiduciary duty to the plaintiff. [c] the plaintiff suffered damages as a result of the breach. [d] the defendant's breach of fiduciary duty caused the plaintiff[]

> damages. (LMRDA of 1959 Title V Section 501) ([29] U.S.C. 185 & 501).
>
> On April 13th, 2018, Carol Kawabata, human resource representative, had a duty to Ms. Tuomela to defend her against the verbal abuse and threats that she was receiving from Mr. Palazzotto[.] Ms. Kawabata did nothing to make him stop his abuse and threats. In addition, on April 17th, 2018, Mr[.] Stephen West of the ILWU union was sent to represent Ms. Tuomela and instead of defending her and following up with a grievance to the false charges that were being made, he completely failed in his duty to represent her. (Exhibit K) & (Exhibit T)[.]

ECF No. 1-1 at PageID # 13.

In turn, "Exhibit K" is a reprint of "Cash Handling Policies and Procedures," apparently from her employer. ECF No. 1-1 at PageID # 41. It is unclear what relevance this document has towards Plaintiff's breach of fiduciary duty claim. It explains the hotel's standards for handling cash, and explains that violators may be disciplined or terminated for violations, but says nothing about fiduciary duties or a duty "to defend" against verbal abuse or threats.

"Exhibit T" is a printed notice of union rights, followed by a two-page unsigned narrative explaining how "Stephen West I.L.W.U. Business Agent failed in his duty to defend Ms. Tuomela." ECF No. 1-1 at PageID # 57. It states that "Mr. West also failed to perform his due diligence to grieve her case." *Id.* It contends that "Mr. West now is employed at the same hotel in a position similar to

the one that Ms. Tuomela vacated," and that "Mr. West's fiduciary duty to represent Ms. Tuomela for the Union and to follow the Union Protocol became secondary," as he was "interested in securing his own position in this Hotel." *Id.* It states that "Ms. Tuomela is a vested member of the I.L.W.U. Union Local 142," and "was never offered any legal help at all. She was denied all legal representation." *Id.* at PageID # 58. The court does not construe Exhibit T's statements to be allegations in the Complaint, and considers the exhibit solely for background. But to the extent Exhibit T alleges a breach of fiduciary against Stephen West or "I.L.W.U. Local 142" (neither of whom are defendants in this action), it has no bearing on such a claim against Waldorf, which is Plaintiff's former employer and not a union.[2]

Count Two fails to state a claim against Waldorf. "In general, the elements of a cause of action for breach of fiduciary duty are: 1) the existence of a fiduciary duty; 2) a breach of the fiduciary duty; and 3) resulting damage." *Aquilina v. Certain Underwriters at Lloyd's Syndicate #2003*, 407 F. Supp. 3d 1016, 1048 (D. Haw. 2019) (internal editorial marks and citations omitted). "Whether a fiduciary duty exists is generally a question of law." *Id.* (citation

---

[2] Likewise, Count Two's citations to 29 U.S.C. §§ 185 & 501, which might be relevant to a union's fiduciary duties, are not relevant to Waldorf. The court discusses Exhibit T later in the Order, when considering whether to grant leave to amend to name others as defendants for breach of a duty of fair representation.

omitted).  "In Hawaii, a fiduciary duty is imposed by statute or special relationship."  *One Wailea Dev., LLC v. Warren S. Unemori Eng'g, Inc.*, 138 Haw. 51, 375 P.3d 1289, 2016 WL 2941062, at *13 (Haw. Ct. App. 2016) (unpublished) (citations omitted).  "[A] fiduciary relation exists between parties where there is a relation of trust and confidence between them, that is, where confidence is reposed by one party and the trust accepted by the other."  *Kaiser v. First Hawaiian Bank*, 30 F. Supp. 2d 1255, 1265 (D. Haw. 1997) (quotation marks and citation omitted).

There is, however, no general fiduciary relationship between an employer and an employee.  *See, e.g.*, *Rather v. CBS Corp.*, 886 N.Y.S. 2d 121, 125 (App. Div. 2009) ("[E]mployment relationships do not create fiduciary relationships.  Simply put, the employer did not owe plaintiff, as employee, a fiduciary duty.") (citation and editorial marks omitted); *Dalton v. Camp*, 548 S.E.2d 704, 708 (N.C. 2001) ("Under the general rule, the relation of employer and employee is not one of those regarded as confidential [for purposes of a breach of fiduciary duty].") (citations and quotation marks omitted); *Pero v. Int'l Bus. Machines Corp.*, 2014 WL 37233, at *4 (D.N.J. Jan. 2, 2014) (dismissing breach of fiduciary duty claims for lack of case law holding that an employer owes a fiduciary duty to an employee).

6

Although an agency relationship between an employee and employer may sometimes create fiduciary duties, *see, e.g.*, Restatement (Third) of Agency § 1.01 cmt. c (Am. Law Inst. 2006) ("The elements of common-law agency are present in the relationships between employer and employee[.]"), such duties generally run from an employee to the employer, not the other way. *See, e.g.*, *Salas v. Total Air Servs.*, 550 S.W.3d 683, 690 (Tex. App. 2018) ("[W]hen a fiduciary relationship of agency exists between employee and employer, an employee has a duty to act primarily for the benefit of his employer in matters connected with his employment.") (citation omitted). And nothing in the Complaint otherwise suggests a special relationship of trust and confidence between Defendant and Plaintiff, much less one imposing a fiduciary duty to protect an employee from threats of incarceration from a security guard.[3]

Accordingly, Count Two is DISMISSED. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that a plaintiff is required to allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (applying the

---

[3] Neither Hawaii Revised Statutes ("HRS") § 490:3-307 (regarding negotiable instruments) nor HRS § 87D-7 (repealed 2010)—which were cited, or apparently cited, by Plaintiff in her Opposition, *see* ECF No. 43 at PageID ## 342-43—have any possible applicability to this case.

same standard to a motion for judgment on the pleadings under Rule 12(c) as under Federal Rule of Civil Procedure 12(b)(6)).

**B.     Granting Leave to Amend Would Be Futile**

Because Defendant does not owe a fiduciary duty to Plaintiff based on an employment relationship, granting leave to amend Count Two would be futile.  Moreover, it would also be futile to amend to add new defendants to the extent Plaintiff's Complaint alleges that others—who were not named as defendants (*e.g.*, Stephen West or "I.L.W.U. Local 142")—breached a fiduciary duty.[4]

Although in some circumstances federal labor law allows a claim against a union for breach of a duty of fair representation, such a claim must be brought within six months after it accrued.  *See, e.g.*, *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169-170 (1983) (applying six-month period in section 10(b) of the National Labor Relations Act, as amended, 29 U.S.C. § 160(b), to a claim for breach of duty of fair representation); *Kalombo v. Hughes Mkt., Inc.*, 886 F.2d 258, 259 (9th Cir. 1989) (applying six-month limitations period to claim for breach of duty of fair representation); *Harris v. Alumax Mill Prods., Inc.*, 897

---

[4] The deadline to join additional parties expired on December 11, 2020.  *See* ECF No. 21 at PageID # 256.

F.2d 400, 404 (9th Cir. 1990) (reiterating that a claim accrues "when an employee knows or should know of the alleged breach of duty of fair representation") (quoting *Galindo v. Stoody Co.*, 793 F.2d 1502, 1509 (9th Cir. 1986)).

Here, according to the Complaint, West "completely failed in his duty to represent [Plaintiff]" on April 17, 2018. ECF No. 1-1 at PageID ## 13, 16; *see also id.* at PageID # 57 (Exhibit T stating that "On April 16th, 2018, Stephen West I.L.W.U. Business Agent failed in his duty to defend [Plaintiff]."). And it is undisputed that Plaintiff's Complaint was not filed until nearly two years later, on February 27, 2020. *See* ECF No. 1-1 at PageID # 10. Thus, even assuming an amendment naming the Union or union officials could relate back to the Complaint's original filing date, a fair representation claim would clearly be time-barred. Accordingly, Count Two is dismissed without leave to amend. *See, e.g.*, *Parents for Privacy v. Barr*, 949 F.3d 1210, 1221 (9th Cir. 2020) ("A district court acts within its discretion to deny leave to amend when amendment would be futile.") (quotation marks and citation omitted).

### III.  CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings as to Count Two (Breach of Fiduciary Duty), ECF No. 36, is

GRANTED.  Count Two is DISMISSED with prejudice.

    IT IS SO ORDERED.

    DATED:  Honolulu, Hawaii, January 22, 2021.



    /s/ J. Michael Seabright
    J. Michael Seabright
    Chief United States District Judge

*Tuomela v. Waldorf-Astoria Grand Wailea Hotel*, Civ. No. 20-00117 JMS-RT, Order Granting Defendant's Motion for Judgment on the Pleadings as to Count Two (Breach of Fiduciary Duty), ECF No. 36